KENNEDY VALVE MANUF'G CO. *v.* CHAPMAN VALVE MANUF'G CO.

'Circuit Court, D. Massachusetts.   June 22, 1896.) ·

No. 554.

PATENTS—LIMITATION BY PRIOR ART—VALVE INDICATORS.

The Kennedy patent, No. 404,844, for a valve indicator, must be limited, in view of the prior state of the art, to the specific structure shown and described; and the real invention consists simply in the use of a movable sleeve, in combination with the other parts, with the resultant advantage that the valve can endure rough handling, and is little liable to derangement and destruction.

W. P. Preble, Jr., for complainant.
William H. Chapman, for defendant.

CARPENTER, District Judge.   This is a bill in equity to restrain an alleged infringement of the first claim of letters patent No. 404,844, issued June 11, 1889, to Daniel Kennedy, for valve indicator.   The claim is as follows:

"(1) In a valve having a casing A and boss A', with operating shaft B, having a screw thread b, the combination therewith of a sleeve D, surrounding such boss and connected therewith by the longitudinal groove a', and pin D², so as to allow longitudinal motion, and the yoke D', connecting such sleeve with the thread b, all arranged for joint operation, as herein specified."

This is a device whereby the upward and downward movement of the sleeve discloses, through a slot or opening therein, alternately, the words "open" and "shut," or other marks which may

indicate whether the valve is open or shut.     The devices thereto-
fore in use, as the specification says, were "too slight and too easily
deranged," and the patentee discovered "that it is practicable to
make such indication by the movement of a sleeve surrounding the
upper portion of the valve casing, and which sleeve may be made
of any desired thickness, so as to endure as rough handling and be
as little liable to derangement and destruction as the other por-
tions of the valve."     The device used by the respondent is shown
in letters patent No. 486,610, issued November 22, 1892, to Jason
Giles, for valve indicator, in which the words or symbols indicating
whether the valve is shut or open are carried on a sign plate which
moves upward and downward, exposing the words through a slot
in a face plate.     On a broad construction of the claim it seems to
me clear that the respondent infringes.     The complainant claims
a construction which he states as follows:

"Complainant contends that Daniel Kennedy was the first person ever to
conceive and reduce to practice the idea of making a valve indicator tell
its own story by visible words.   In this he was a pioneer and, as such, enti-
tled to the broadest and most liberal construction of his claim which the
state of the art, when he obtained his patent, would justify.   Other inventors
had made valve indicators which could be interpreted by persons acquainted
with the inside working of the valve mechanism, but Kennedy was the first
ever to make a valve indicator which could be immediately understood by
everybody, whether he knew how the valve worked or not.   Kennedy did
this by putting upon the valve indicator the word 'Open' and the word 'Shut,'
in large, plain letters, so situated that only one could be seen at a time, and
that the opening and closing of the valve automatically uncovered one of
these words and concealed the other in true agreement with the actual con-
dition of the valve.   He did this in a way that made the mechanism dura-
ble, absolutely accurate, and not readily tampered with or deranged; but
the main idea was the absolute certainty that no English-speaking person,
man, woman, or child, could fail to understand the condition of the valve
at a glance, with or without any mechanical knowledge.   Durableness, secu-
rity against derangement and correspondence with the actual condition of
the valve are nothing without the power of speaking to the uneducated mind
through the common medium of the English language.   All these qualities,
except the faculty of speech, had been given to valve indicators before; but
Kennedy was the first to cause the valve, as one of the witnesses expressed
it, 'to make its own report.'"

It seems to me that all the requirements of the description above
quoted are met by the drawing of letters patent No. 141,839, is-
sued August 12, 1873, to James Walsh, for improvement in valve
cocks.     The complainant insists that the words "open" and "closed"
in this drawing are descriptive only, and are not intended to be
inscribed on the valve.     They are not referred to in the specification,
and it does not appear that valves were made on which the words
were inscribed.     Since, however, the words plainly appear on the
valve, in the place appropriate therefor in connection with the
pointed projection on the lower end of the vertically moving rod,
and since the specification speaks of a "pointer or sliding rod
*   *   *   serving as an indicator to show the position of the valve,"
I should be slow to find patentable invention in a device to which
no new function could be assigned except that which the complain-
ant here claims for his invention.     However that may be, the ob-
jection does not apply to the device shown in letters patent No.

266,241, issued October 17, 1882, to Edward Weston, for cut-off for electric circuits, in which the function of the patented device, as the complainant above states it, is performed in an electric cut-out, which "performs an analogous function with respect to an electric current to that performed by a valve with respect to a current of water, steam, air, etc."

The state of the art shows, then, as it seems to me, that the invention consists simply in the use of a sleeve, with its alleged resultant advantage, in the case of a valve, that it can "endure rough handling" and is "little liable to derangement and destruction." As to whether it has this advantage, there is no evidence in the record, and I am inclined to give the complainant the benefit of the presumption arising from the grant of the patent, and hold the claim valid for the specific structure shown and described. The respondent does not infringe the claim as so construed, and the bill will therefore be dismissed with costs.